# SUPREME COURT.

The People *ex rel.* Dinsmore & Wood agt. The Croton Aqueduct Board.

The Code, admitting all parties to be heard in one suit, does not apply to the writ of *mandamus*.

Where the Croton Aqueduct Board awarded a contract for building a new reservoir in the city of New-York, to Fairchild & Co., upon which, Dinsmore & Wood, whose application for the same was rejected, sued out a writ of *mandamus*; and on appeal to the general term by Dinsmore & Wood, they procured an order to stay proceedings until a final hearing should be had;

*Held*, on motion by Fairchild & Co., to vacate this stay of proceedings, that they were not in a situation to move for such an order. They were no parties to the mandamus, and were in no wise affected by the judgment and order upon it. The order did not bind them, and as against them, did not protect the Croton Board.

## New - York Special Term.

ROOSEVELT, Justice. The Croton Board having advertised for contracts for building a *new reservoir*, various proposals were sent in, and among them one from Dinsmore & Wood, and one from Fairchild & Co. After full consideration, the board concluded to award the contract to the latter firm, upon which the former sued out a writ of mandamus. The case was heard before Judge PEABODY, who confirmed the decision of the Aqueduct Board. From this judgment Dinsmore & Wood appealed to the general term and obtained a stay of proceedings till the final hearing should be had. It is now alleged that they have taken no steps to bring on that hearing, and that the stay of proceedings ought therefore to be revoked.

A sufficient answer to the motion of Fairchild & Co., would seem to be that they were no parties to the mandamus, and were in no wise affected by the judgment and order upon it. The order does not bind them, and, as against them, does not protect the Croton Board. They can demand the contract, and if refused, and if they are right, they can enforce the demand notwithstanding an order to stay proceedings made in a cause to which they were not parties. The same remedy by mandamus against public officers, is open to them as was taken by their competitors, Messrs. Dinsmore & Co. ; and the same reasons, if sound, which induced the judgment *against* Dinsmore & Co., would equally, it is presumed, insure a judgment *in favor* of Fairchild & Co. Two suits, it is true, would be the consequence, an inconvenience, no doubt, to the parties, but one for which the law as yet has provided no remedy. The Code, admitting all parties to be heard in one suit, does not apply to the writ of mandamus. The 471st section expressly excludes

that class of cases. It may be, that the Croton Board could have filed a bill of interpleader. Of the expediency of doing so, they were the judges. Or all parties may unite in a statement of facts—which could readily be agreed upon—to be submitted to the general term, accompanied by such arguments as the respective counsel might see fit to urge.

It is enough, however, for the determination of the present application, that the rules of law as at present existing in cases of mandamus, and "until, (as the Code expresses it,) the legislature shall otherwise provide," do not allow an outside party to intervene on such an appeal as that taken by Dinsmore & Co. Whether the court should hear the counsel of Fairchild & Co., as *amicus curiæ*, when the argument is brought on, will be for the general term to decide. It is competent to the judges to listen in that character, to the suggestions of any member of the bar in any case. No formal order is necessary, and certainly none would be proper to be made by a single judge at special term to control the discretion of his brethren on the general term bench.

The motion made by Fairchild & Co., to vacate the stay of proceedings in the Dinsmore suit, and to place that suit on the present general term calendar, and to permit Fairchild & Co. to be heard by counsel on the Dinsmore appeal, must, therefore, be denied.